## ELIZABETH V. HENRY, APPELLANT, *v.* CHARLES WILKES, RESPONDENT.

*Principal and Agent—Fraudulent Representation—Implied Obligation—Evidence—Production of Books and Papers.*

Where a party who is bound to pay an outstanding mortgage on Defendant's land obtains the money by fraudulent representations and discharges the mortgage, the Defendant, who was neither party nor privy to the transaction, is not liable to the person furnishing the money, even though the discharge of the mortgage inures to his benefit.

APPEAL from the judgment of the Supreme Court in the First Judicial District, affirming a judgment entered upon the report of a referee. The action was brought to recover of the Defendant the sum of $2,080, alleged to have been loaned by Plaintiff's assignor, through her alleged agent, Henry Wilkes, to the Defendant, and to have been applied by said agent to pay off a mortgage on certain lands in New York city, the property of the Defendant, which, by an agreement between Henry Wilkes and the Defendant, was to be paid by the former.

The case was referred to a referee to hear and decide. The referee found in favor of the Defendant, and found as facts, and conclusion of law:

That on or about the 28th January, 1847, Elizabeth Henry, mentioned in the complaint, advanced and paid to one Henry Wilkes, claiming to act as the agent for the Defendant, the sum of two thousand and eighty dollars (2,080). That said Henry Wilkes had no authority to receive or borrow the said sum of money for the Defendant, and that the Defendant never requested the advance of such sum, or any part thereof, nor sanctioned or ratified such advance, or the request of Henry Wilkes, that the said Elizabeth Henry advance the said sum of money to the Defendant. That the said Henry Wilkes used and applied the said sum of money with the knowledge of the said Elizabeth Henry, but without the request or knowledge of the Defendant, for the purpose of paying off a mortgage on certain lands and premises in the city of New

York, belonging to the Defendant. That the said Henry Wilkes, by reason of a valid agreement between him and the Defendant, had assumed and was bound to pay the said mortgage, and, in paying the same, paid his own debt. That the said Henry Wilkes paid to the said Elizabeth Henry, in two several payments, out of funds of the Defendant, the sum of one hundred and forty-five dollars, as and for the interest on the said sum of two thousand and eighty dollars, claimed to have been advanced by the said Elizabeth Henry to the Defendant; but that such payments were never authorized or ratified by the Defendant. That the said Defendant has not paid to the said Elizabeth Henry the said sum of two thousand and eighty dollars, or any part thereof, or any part of the interest thereon. And that, at the time in that behalf mentioned in the complaint, the said Elizabeth Henry executed and delivered to the Plaintiff the assignment in the complaint mentioned.

And did further find and report, as matter of law, that the said Defendant is not indebted to the said Plaintiff, in any manner or form, by reason of the matters and things in said complaint alleged. And also found, as a conclusion of law and decision upon the facts thereinbefore found, that the said Defendant have judgment against the said Plaintiff for his costs and disbursements. The Plaintiff duly excepted to the report of the referee, and to his findings.

Various objections were taken to the admission of evidence, which sufficiently appear in the opinion.

The Plaintiff appealed to the General Term of the Supreme Court, where the judgment was affirmed, and afterwards appealed to this Court.

*Lyman Tremain* for Appellant.

*Amasa J. Parker* for Respondent.

MILLER, J.—It has been held in numerous cases that the finding of a referee upon questions of fact presented upon a trial cannot be reviewed in this Court (Macy *v.* Wheeler, 30 N. Y. 231; Young *v.* Davis, 30 N. Y. 134; Sanford *v.* Eighth Av. R. R. Co.,

23 N. Y. 343; Hoyt v. Thompson, 19 N. Y. 207, 212; Oldfield v. N. Y. & H. R. R. Co., 14 N. Y. 310).

We cannot therefore examine the facts determined in the subordinate Courts, if they are covered by the finding of the referee. It is claimed, however, that the referee does not find against the Plaintiff, as to the fact that the Defendant had the benefit of the money loaned to Henry Wilkes, and therefore he is liable to account for it to the Plaintiff. The money was applied to the payment of a mortgage upon the Defendant's real estate, but it being received by another party, and applied by him in the payment of a debt which that party was bound to pay, it does not necessarily follow that the Plaintiff can maintain an action to recover it of the Defendant; the finding of the referee, that Henry Wilkes, claiming to act as the agent of the Defendant, obtained the loan and applied the money to pay an incumbrance upon the Defendant's land, which Henry was bound to cancel, does not, of itself, necessarily and absolutely raise an obligation upon the part of the Defendant to refund the money because he was benefited by the discharge of the mortgage. The Defendant was a stranger to the transaction, and had no participation in it. The money was not paid to him, but to Henry Wilkes, and he had no knowledge in regard to it at the time it was obtained, or when it was appropriated. The mortgage was cancelled without his privity or procurement, and the money used in procuring its satisfaction was never received by the Defendant at all. So long as Henry Wilkes was obligated to pay the mortgage, it was of no consequence to the Defendant, of whom he obtained the money, provided he acted without the authority or knowledge of the Defendant. Nor was the Defendant under any obligation to pay the demand because the money was obtained by a fraudulent misrepresentation, so long as he did not assent to it. The party procuring it was not, in any sense, his agent in the transaction, and the facts found do not present a case of money received by the Defendant in payment of an antecedent debt. They differ entirely from a case where goods are purchased fraudulently and pass into the hands of a bonâ fide creditor in payment of a pre-existing debt (Root v. French, 13

Wend. 570). In the latter case the party is prosecuted for the goods thus procured, and the proceeding is against the property, as well as the person who has it in possession. . Here the money has been applied without the knowledge of the Defendant, and he has had no connection either with its procurement or its application. He was entirely innocent of any knowledge of the circumstances under which it was obtained, and the mortgage was discharged in accordance with an obligation by Henry Wilkes, without his instigation or request. · It is difficult to see how there can be any relationship between the Defendant and the Plaintiff's assignor which imposes a legal liability upon the Defendant. I am not aware of any principle of law which authorizes this Court to adjudge that, without privity, possession of the property, knowledge of its being received, or any act showing connection with the matter, an implied obligation can arise against an innocent party which will sustain an action like the one now presented for our consideration. To do so, it seems to me, we would be obliged entirely to ignore the well-settled rule that, when one of two innocent persons must suffer from the fraud of a third, the one shall suffer who by indiscretion has enabled such third person to commit the fraud.

It is said that the referee erred in admitting evidence, upon the cross-examination of Henry Wilkes, of an agreement between him and the Defendant, that, as between them, Henry Wilkes was to pay the mortgage upon the Defendant's property.

I think that the testimony was competent for the purpose of showing that the money was paid for the benefit of Henry Wilkes, and to cancel an obligation he had assumed, as well as for the purpose of rebutting any presumption which might arise, from the facts proved, that Henry Wilkes had any authority from Charles Wilkes to borrow the money, or to appropriate it to the payment of the mortgage. The question in the case was, whether the money was loaned to Henry Wilkes or Charles Wilkes. To establish that it was loaned to the Defendant, the Plaintiff had proved that it was used for the purpose of paying off a mortgage upon the property belonging to the Defendant—thus primâ facie

showing, in connection with the acts and declarations of Charles Wilkes, a liability on the part of the Defendant. These facts, I think, made it entirely competent to prove that, by the agreement between the parties, the mortgage was the debt of Henry Wilkes, and was to be paid by him, and not by the Defendant. The proof of the Plaintiff necessarily led to this inquiry, and opened the transactions between the parties; and the evidence introduced threw light upon the question in controversy; and even if it did not establish that no loan actually was made, yet, with conflicting and contradictory testimony as to the principal issue which was litigated upon the trial, it certainly had an important bearing upon the subject. For reasons of a similar character, and as a part of the transaction between Henry and Charles Wilkes, which had been opened by the Plaintiff's testimony, it was competent to prove mutual dealings between these parties.

The letter from the Defendant to Henry Wilkes was also evidence as to a portion of the transaction, and tended to establish that Henry Wilkes had acted without authority in making the loan. It was a portion of the correspondence between the Defendant and Henry Wilkes, and showed a state of facts irreconcilable with the idea that the Defendant ever gave any authority to Henry Wilkes to borrow the money for him.

It is insisted that the referee erred in allowing the Defendant to cross-examine the witness, Henry Wilkes, in regard to the papers in the suit brought by the Plaintiff against him to recover the same money for which this action was instituted, and as to the contents of the letters written by him to the Defendant, without first producing the papers and showing them to the witness. The witness denied making the statements in the papers, in the suit specifically asked about; no evidence was then introduced to show that he had; and the papers in the action were put in evidence in a subsequent stage of the case by the Plaintiff, when the same witness was again interrogated on the subject. The witness did not remember particularly as to the contents of these letters; and they were also introduced upon the examination of the Defendant. One of the reasons of the rule requiring the produc-

tion of papers under such circumstances is, in order that the Court may be possessed of the whole; and if any error was committed by the referee, in his ruling, I think it was entirely obviated by the introduction of the papers afterwards. I do not see that any injury could result to the Plaintiff, in advantage to the Defendant, by their non-production at an earlier period.

I think that no error was committed by the referee, upon the trial of the case, and that the judgment should be affirmed.

All affirm.

JOEL TIFFANY,<br>
State Reporter.
